## NEW JERSEY MOTOR LIST CO. v. BARTON BUSINESS SERVICE.

Oct. 1, 1931.

District Court, D. New Jersey.

Perlman & Lerner, of Trenton, N. J., for complainant.

Jacob Lipman, of Newark, N. J., for defendant.

AVIS, District Judge.

The bill of complaint filed in this cause sets forth that the complainant is entitled to the exclusive right to copy, for such use as it may desire to make of it, a list of the names, addresses, and other information contained in the applications for registration of motor vehicles in the office of the state commissioner of motor vehicles.

It further alleges that, from the information obtained by it in the examination of the files of the commissioner, it prepares a list of names, etc., which it uses for advertising purposes and distribution amongst its subscribers. When prepared, these lists are immediately submitted to the authorities at Washington, to be copyrighted, and these copyrights have been allowed.

It appears that the business of the corporation, as carried on, results in certain profits to the complainant, and it is claimed that defendant has obtained copies of these lists, which it has used to compile a list issued by it, and which it uses for the same purpose, and distributes for profit in practically the same manner as does the complainant.

The bill prays that defendant may be permanently enjoined from in any manner using complainant's compiled lists, and the present proceeding is to obtain temporary restraint pending final hearing.

Among other things, defendant contends that the complainant is not entitled to relief, because of the fact that its lists are compiled from public records, which cannot be copyrighted. As the evidence now stands, it appears that the lists of complainant and defendant were not compiled from a common source, but that defendant copied the lists prepared and issued by complainant. Such a list, I am satisfied, may be lawfully copyrighted, and whether the commissioner of motor vehicles has a legal right to permit complainant, only, to examine and take copy of records, is not now in question.

A careful consideration of the bill and proofs, including defense submitted, convinces the court that the complainant has rights which should be protected pending final hearing; that it is likely to suffer irreparable injury; that the infringement proved is substantial; and that the defendant should not be permitted to use the lists of the complainant for competitive business purposes.

An order will be made authorizing restraint pending final hearing, in accordance with this memorandum.